UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD V. WILLIAMS, ANTONIAL
RANDLE, ROY ROBINSON, DAVID
GREEN, SHAWN MCDEW, and
CHARLES PETTIES,                                  Case Number: 2:09-cv-12707

        Plaintiffs,                              HON. PATRICK J. DUGGAN

v.

UNITED STATES GOVERNMENT and
FCI MILAN,

        Defendants.
                                             /

## ORDER OF SUMMARY DISMISSAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 4, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

This is a prisoner civil rights case filed under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999 (1971). Plaintiff Howard V. Williams, a federal inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"), filed and signed the *pro se* complaint and filed an application to proceed without pre-payment of fees and costs. The Court granted Plaintiff Williams *in forma pauperis* status. The complaint will be summarily dismissed pursuant to 28 U.S.C.

§ 1915(e)(2),[1] because it seeks monetary relief from defendants immune from such relief. The complaint also names five additional FCI-Milan prisoners as additional plaintiffs. For the reasons set forth below, the dismissal is without prejudice as to those plaintiffs.

## I.

The complaint arises from alleged exposure to asbestos. Plaintiff Williams alleges that he was employed as a boiler room attendant and steamfitter for nine years while incarcerated at FCI-Milan. He discovered asbestos in the areas where he worked. He was told that the levels of asbestos were harmless. He alleges that he currently suffers from various health problems, including skin sores, chest pain, edema, and headaches, which he attributes to asbestos exposure. The named defendants are the United States of America and FCI-Milan. Plaintiff Williams seeks ten million dollars in damages.

A claim against the United States or its agencies is barred absent a waiver of sovereign immunity. *United States v. Testan*, 424 U.S. 392, 96 S. Ct. 948 (1976). Such a waiver cannot be implied; it must be expressed unequivocally. *Id.* at 399. The United States has not waived its immunity to suit in a *Bivens* action. *Nuclear Transport &*

---

[1]  28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (iii) seeks monetary relief against a defendant who is immune from such relief.

*Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989).  Therefore, the claims against the United States and FCI-Milan are improper and must be denied.  *Accord Yancey v. Federal Correctional Institute*, Nos. 90-5438, 90-5518, 1990 WL 191672, *1 (6th Cir. Nov. 30, 1990) (affirming district court's dismissal of *Bivens* claims against Federal Correctional Institute on ground of sovereign immunity).

## II.

Five prisoners incarcerated at FCI-Milan are also named as additional plaintiffs.  However, Plaintiff Williams is the only plaintiff to have signed the complaint and the only plaintiff who submitted an application to proceed *in forma pauperis.*  The purported additional plaintiffs have not signed the complaint as required by Fed. R. Civ. P. 11.  In addition, the allegations in the complaint are written in the singular first person, rather than in the plural first person.  Plaintiff Williams provides no indication that the additional plaintiffs have given permission or have any knowledge that a complaint has purportedly been filed on their behalf.  As discussed above, the Court has determined that this complaint is subject to summary dismissal because monetary relief is sought from defendants who are immune from such relief.  If the five additional plaintiffs had no knowledge of this litigation and did not accede to it, the Court finds that it would be unjust for the dismissal of this case to count as a "strike" against them under 28 U.S.C. § 1915(g).  Therefore, the dismissal as to plaintiffs Randle, Robinson, Green, McDew, and Petties is without prejudice.

## III.

3

The Court concludes that the complaint seeks relief from defendants who are immune from relief.

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED**. The dismissal is **WITH PREJUDICE** as to Plaintiff Howard V. Williams and **WITHOUT PREJUDICE** as to the remaining Plaintiffs.

A judgment consistent with this opinion shall issue.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies To:

| Howard Williams | Roy Robinson | Shawn McDew |
| --- | --- | --- |
| 52528060 | 31801039 | 52527060 |
| FCI Milan | FCI Milan | FCI Milan |
| Inmate Mail/Parcels | Inmate Mail/Parcels | Inmate Mail/Parcels |
| P.O. Box 1000 | P.O. Box 1000 | P.O. Box 1000 |
| Milan, MI 48160 | Milan, MI 48160 | Milan, MI 48160 |
| | | |
| Antonial Randle | David Green | Charles Petties |
| 14272026 | 01665041 | 55210060 |
| FCI Milan | FCI Milan | FCI Milan |
| Inmate Mail/Parcels | Inmate Mail/Parcels | Inmate Mail/Parcels |
| P.O. Box 1000 | P.O. Box 1000 | P.O. Box 1000 |
| Milan, MI 48160 | Milan, MI 48160 | Milan, MI 48160 |