**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HOWARD V. WILLIAMS, ANTONIAL
RANDLE, ROY ROBINSON, DAVID
GREEN, SHAWN MCDEW, and
CHARLES PETTIES,                                     Case Number: 2:09-cv-12707

                    Plaintiffs,                      HON. PATRICK J. DUGGAN

v.

UNITED STATES GOVERNMENT and
FCI MILAN,

                    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

At a session of said Court, held in the U.S.
        District Courthouse, Eastern District
        of Michigan, on September 16, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Plaintiff Howard Williams, a federal inmate incarcerated at the Federal

Correctional Institution in Milan, Michigan (FCI-Milan) filed a *pro se* civil rights

complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.

Ct. 1999 (1971).  The plaintiff was granted leave to proceed without prepayment of the

filing fee in this action under 28 U.S.C. § 1915(a)(1).  After screening the complaint in

accordance with 28 U.S.C. § 1915(e)(2), the Court issued an Order of Summary

Dismissal because Plaintiff failed to state a claim upon which relief could be granted.

Now before the Court is Plaintiff's letter-motion for reconsideration.

Eastern District of Michigan Local Rule 7.1(g)(3) provides that a motion for reconsideration should be granted only if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from correction of that defect. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Furthermore, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In his complaint, Plaintiff Williams alleged that he suffered from health problems, resulting from asbestos exposure related to his prison job. He named as defendants the United States of America and FCI-Milan. Because the United States has not waived its immunity to suit in a *Bivens* action, *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989), the Court held the claims against the United States and FCI-Milan were improper and the complaint subject to summary dismissal. *Accord Yancey v. Federal Correctional Institute*, Nos. 90-5438, 90-5518, 1990 WL 191672, *1 (6th Cir. Nov. 30, 1990) (affirming district court's dismissal of *Bivens* claims against Federal Correctional Institute on ground of sovereign immunity). The Court also held that the dismissal was without prejudice with respect to the five additional plaintiffs named by Plaintiff because the purported additional plaintiffs did not sign the complaint and there was no indication that the additional plaintiffs acceded to the litigation.

2

Plaintiff seeks reconsideration on the ground that the Court erred in construing his complaint as attempting to raise the claims of five additional plaintiffs.  Plaintiff argues that he merely intended to alert the Court that additional plaintiffs might be filing similar claims.  Even assuming Plaintiff was not attempting to raise claims on behalf of these additional plaintiffs, a different disposition of the matter would not result.  Plaintiff has failed to establish the existence of a palpable defect that misled the Court's prior ruling.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration [dkt. # 8] is **DENIED.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy To:
Howard Williams
52528060
FCI Milan
Inmate Mail/Parcels
P.O. Box 1000
Milan, MI 48160